UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

TONY ALEXIS,

     Plaintiff,

vs.

 APEX SYSTEMS, LLC,

     Defendant.

_____/

## COMPLAINT

Plaintiff, TONY ALEXIS ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, APEX SYSTEMS, LLC ("Defendant"), and alleges as follows:

1. This is an action for declaratory and injunctive relief and damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"); and the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981"), to redress injuries resulting from Defendant's unlawful race-based treatment of Plaintiff.

2. At all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida.

3. Defendant is a Florida Profit Corporation authorized to conduct business in the State of Florida, where Plaintiff worked for Defendant.

4. Venue is proper because the employment practices hereafter alleged to be unlawful were committed within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff is a Black individual and within a class of individuals protected by §1981, Title VII.

6.   Plaintiff commenced employment with Defendant on September 18, 2023, as an installer.

7.   The Plaintiff first negative experience with his supervisor, Elias Cruz, started when Mr. Cruz was bluntly criticized by his supervisor based of an assumption that he lacked extensive knowledge that he made regarding a work-related system. Consequently, Mr. Cruz referred to Plaintiff as "useless".

8.   Subsequently, Mr. Cruz required the Plaintiff and other coworkers to work on a Saturday which was outside of his working hours. When Plaintiff explained that he couldn't work that day due to his religions believes, he received threats of termination from Mr. Cruz.

9.   On February 23, 2024, Mr. Cruz accused Plaintiff of affecting his bonuses and questioned Plaintiff commitment to the company by the end of that day. These accusations were unfounded and completely confusing to Plaintiff as he has never express, he had intentions to leave his workplace. On this same day Plaintiff appealed to make a report to Rachuel Tritt about all the events mentioned before.

10. After all this Plaintiff was placed on a "Improvement Plan" that it was in other words a two-week trial. This measure was only imposed on Plaintiff despite other technicians having the same or similar performance as him.

11. This behavior wasn't only limited to all mentioned above but also extended to meetings where Mr. Cruz was often speaking Spanish (a language Plaintiff does not speak) and in addition to that, making plaintiff the target of inappropriate jokes.

12. Plaintiff was often dismissed or ignored when he needed Mr. Cruz support. This wasn't only to Plaintiff, but another black colleague, Anthony Thompson.

13. The last altercation occurred when Plaintiffs car broke down; that lead to the cancelation of all of Plaintiff scheduled jobs,  an action that was not properly notified to him. This last measured lead to Plaintiffs termination on April 15, 2024.

14. The fact that Plaintiff complained to Rachuel Tritt was one of the factors, including illegal discrimination, which made up the decision-making process by Defendant that led to Plaintiff's termination.

15. Plaintiff received a right-to-sue notice from the EEOC fewer than ninety days preceding the filing of this Complaint. As such, all conditions precedent, including the exhaustion of administrative remedies, have been met.

16. Throughout Plaintiff's employment, Plaintiff was able to perform the essential functions of his job duties and responsibilities, and at all relevant times he did perform his job at satisfactory or above-satisfactory levels.

## COUNT I
### *Race Discrimination in Violation of Title VII*

17. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-16 of this complaint as if set out in full herein.

18. Plaintiff is a member of a protected class under Title VII.

19. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and religion and subjected Plaintiff to animosity based on race.

20. Such discrimination was based upon Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

21. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

22. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

23. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

24. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

25. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

26. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated +, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Race Discrimination in Violation of 42 U.S.C. § 1981*

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this complaint as if set out in full herein.

28. Plaintiff is a member of a protected class under § 1981.

29. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

30. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

31. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

32. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

33. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

34. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights,

has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

35. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

36. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

37. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

38. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

    a.  Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and at amounts to be proved at trial for the unlawful employment practices described herein;

    c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the

full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT III**
***RETALIATION IN VIOLATION OF THE TITLE VII***

39. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this Complaint as if set out in full herein.

40. Defendant is an employer as that term is used under the applicable statutes referenced above.

41. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting Plaintiff under the Title VII.

42. The foregoing unlawful actions by Defendant were purposeful.

43. Plaintiff voiced opposition to unlawful employment practices during employment with Defendant and was the victim of retaliation thereafter, as related in part above.

44. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter.  There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

45. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

46. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the Title VII and in addition, order the following additional relief:

A.  Declare that the acts complained of herein are in violation of the Title VII;

B.  Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C.  Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D.  Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E.  Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F.  Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G.  For a money judgment representing prejudgment interest;

H.  Award any other compensation allowed by law including punitive damages and attorney's fees;

I.  Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J.  Grant PLAINTIFF a trial by jury; and

Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.


Dated: _____03/20/2026_____


Respectfully submitted,


*s/Shedwin Eliassin* _____
Sara L. Cortes, Esq.
Fla. Bar No.: 1049208
Shedwin Eliassin
Fla. Bar No.: 1060990
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Email: sara.cortes@gallardolawyers.com
employment@gallardolawyers.com